FILED
SUPERIOR COURT
OF GUAM

2023 MAR -7 PM 4: 01

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LUCAS MANGELSDORF, and<br>LISA MICHELLE MANGELSDORF,<br><br>Plaintiffs,<br><br>vs.<br><br>MAXIMUM ENTERTAINMENT, INC.,<br>VIVIAN THORBOURNE and PAUL<br>UNPINGCO REVOCABLE TRUST<br>ESTABLISHED UNDER THE<br>UNPINGCO REVOCABLE TRUST<br>DATED SEPTEMBER 28, 2011;<br>JOHN DOES 1 – 10, inclusive, JOHN DOE<br>INSURANCE CARRIER(s) Nos. 1 – 5<br>inclusive.<br><br>Defendants. | CIVIL CASE NO. CV0022-22<br><br><br>**DECISION AND ORDER**<br>*Re: Defendant Maximum Entertainment,<br>Inc.'s Motion for Partial Summary Judgment<br>as to Counts II and III of Plaintiffs'<br>Complaint* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on January 12, 2023, for a hearing on Defendant Maximum Entertainment Inc.'s Motion for Partial Summary Judgment as to Counts II[1] and III.[2] Present at the hearing were: Attorney Mark Williams for Plaintiffs Lucas and Lisa Mangelsdorf ("Plaintiffs"); Attorney Seth Foreman for Defendant Maximum Entertainment, Inc. ("Defendant Maximum"); and Attorney Mitchell Thompson for Defendant

---

[1] Count II (the second Count II) hereinafter referred to as ("Count III: Spoilation of Evidence").

[2] Count III hereinafter referred to as ("Count IV: Loss of Consortium").

Trust. Having considered the arguments, briefs, and applicable law, the Court hereby **DENIES** Defendant Maximum's Motion for Partial Summary Judgment.

## PROCEDURAL BACKGROUND

The instant case arises from Plaintiffs' Complaint for Negligence; Premise Liability; Loss of Consortium; and Direct Action Damages, filed on January 11, 2022. About four months later, on April 11, 2022, the Court issued an Order Re: Trial Schedule setting the dispositive motion cut off date for August 5, 2022.

A couple of days later, on April 13, 2022, Defendant Trust filed their Motion to Dismiss Count I: Negligence and Count IV: Loss of Consortium. Plaintiffs filed their Opposition on May 5, 2022, and Defendant Trust filed their Reply about 20 days later, on May 25, 2022. Then on July 26, 2022, the clerk's office received Plaintiffs' Proposed Discovery Plan and Scheduling Order.[3]

About one week later, On August 2, 2022, Defendant Maximum filed the instant Motion for Partial Summary Judgment as to Counts III: Spoilation or Evidence and Count IV: Loss of Consortium, and the Declarations of Lee Heather and Tim Roberts in support thereof. A little over a month later, on September 6, 2022, Plaintiffs filed their Opposition, with the Declarations of Mark Williams, Mel Eliam, and Lucas Mangelsdorf. Defendant Maximum filed its Reply on September 20, 2022.

A hearing on Defendant Trust's Motion to Dismiss was held on September 29, 2022, where the Court took the motion to dismiss under advisement and reserved on approving the Proposed Scheduling Order and Discovery Plan pending its decision. *See* fn. 3. On November 23,

---

[3] The Court reserved on approving the Proposed Scheduling Order and Discovery plan at the September 29, 2022, scheduling conference and Motion to Dismiss hearing, pending its decision on the Motion to Dismiss. However, the Court allowed the parties to proceed with discovery. *See* Min. Entry 11:32:45 – 11:34:11AM (Sept. 29, 2022).

2022, the Court issued its Decision and Order on Defendant Trust's Motion to Dismiss wherein it denied the motion to dismiss as to Count I: Negligence, and granted the motion to dismiss as to Count IV: Loss of Consortium. As such, the claims that remained after the November 23, 2022 Decision and Order include the following: Count I: Negligence; Count II: Negligent Hiring, Training, Retention; Count III: Spoliation of Evidence; Count [V]: Direct Action (Negligence against John Doe Insurance Carriers No. 1 – 5.

A hearing on the instant motion was held on January 12, 2023, wherein Plaintiffs' Counsel and Defendant Maximum's Counsel submitted on the briefs, and Defendant Trust's Counsel took no position. Since the Count IV: Loss of Consortium claim was dismissed in this Court's November 23, 2022, Decision and Order,[4] the instant Decision and Order will only address summary judgment on Count III: Spoliation of Evidence.

## DISCUSSION

### I.     SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings, depositions, interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c); *see* also *Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶¶ 25-26. If, *after* adequate time for discovery, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial," then summary judgment is required." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (emphasis added).

When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Gutierrez*, 2015 Guam 8 ¶

---

[4] *See* Decision & Order (Nov. 23, 2022).

26. If the moving party demonstrates that there are no genuine issues of material fact, the non-movant cannot merely rely on the allegations contained in the pleading and must produce some significant probative evidence to support the pleading. *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7. The Court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor on that evidence." *Id.* The Guam Supreme Court has held that a defending moving party may satisfy its moving burden "by showing there is an absence of evidence" to support a claim. *Guam Sanko Transportation, Inc., v. Pacific Modair Corporation*, 2012 Guam 2 ¶ 7. It may also satisfy its burden by "producing evidence negating an essential element" or claim. *Id.* At the summary judgment stage, the court should not make credibility determinations or weigh the evidence, which are jury functions. *Id.* ¶ 10.

Although the Guam Rules of Civil Procedure allow that "[a] party against whom a claim... is asserted... may, at any time, move with or without supporting affidavits for summary judgment," this does not relieve the movant from separately identifying the disputed and undisputed facts and essential elements of the cause of action for which summary dismissal is sought and applying and analyzing them under the appropriate standard. Guam R. Civ. P. 56(b); *Guam Sanko Trans.*, 2012 Guam 2 ¶ 7.

### a) Count III: Spoilation of Evidence

Defendant Maximum asserts that Club W had no video cameras inside or in the immediate outside vicinity of the club in January of 2020. *See* Mot. p. 7 (Aug. 2, 2022). In contrast, Plaintiffs make two arguments: (1) that Plaintiffs did not have an opportunity to investigate or challenge in discovery, and (2) that there is a factual question regarding whether security cameras were on the

nightclub premises or not. *See* Opp'n pp. 9 and 11 (Sept. 6, 2022). The Court addresses each argument in turn.

### i. Opportunity to Investigate or Challenge in Discovery

Generally, "summary judgment is inappropriate when the nonmoving party has not been given adequate time for discovery to establish the existence of an element essential to a party's case, and on which the party will bear the burden of proof at trial." *Edwards v. Pacific Financial Corp.*, 2000 Guam 27 ¶ 21; citing *Elvis Presley Enterprises, Inc., v. Elvisly Yours, Inc.*, 936 F.2d 889, 893 (6th Cir. 1991). Therefore, the first inquiry before the Court is whether Plaintiffs had adequate time for discovery such that summary judgment would be appropriate.

Here, the Proposed Scheduling Order and Discovery Plan was received on July 26, 2022, and it indicated that the parties met and conferred on June 29, 2022, and the discovery cut off date for Monday, January 29, 2023. *See* Prop. Disc. Plan p. 2 (Received Jul. 26, 2022). Further, Plaintiffs' Counsel declares the following:

> On July 26, 2022, I served discovery request on Maximum via electronic mail. These requests included interrogatories, requests for the production of documents, and requests for admission.
>
> Among other things, these discovery requests seek photographs or videos which relate to Plaintiffs or to the assault on Lucas.
>
> On August 25, 2022, I received Maximum's responses to these discovery requests. The responds included a number of objections. Maximum did not answer some of the questions. Maximum did not produce any additional documents.
>
> Based on Maximum's responses to these discovery requests, I intend to confer with Maximum's counsel to seek to resolve some or all of the objections; to ensure all relevant documents have been provided; and to attempt to get more complete answers to interrogatories and request for admission.

Williams Decl. p. 2 (Sept. 6, 2022). In drawing inferences in a light most favorable to Plaintiffs, as the non-moving party, the Court finds that Defendant Maximum's Motion is premature for

several reasons. First, discovery was not set to close until January 29, 2023. Defendant Maximum's Motion was filed on August 2, 2022, which was at least five months before the close of discovery. Second, Plaintiffs' Counsel served discovery requests including interrogatories, request for the production of documents, and requests for admissions on July 26, 2022, which was only seven days before Defendant filed its Motion on August 2, 2022. Third, Defendant Maximum's Motion filed on August 2, 2022, came at least 23 days before Plaintiffs' Counsel received Defendant Maximum's responses to its discovery requests on August 25, 2022.

Further, even of the Court were to consider Defendant Maximum's Motion to be timely in terms of the Trial Schedule setting the Dispositive Motion Cut Off date on August 5, 2022, under the summary judgment standard, the Court yields the same conclusion in viewing the pleadings in light most favorable to the Plaintiff's as the non-moving party. As such, the Court **DENIES** Defendant's Motion for Partial Summary Judgment. The Court now turns to Plaintiffs' second argument.

### ii. Question of Material Fact

Summary judgment is appropriate if the pleadings, depositions, interrogatories, and admissions on file together with the affidavits, if any, show that there is *no genuine issue as to any material fact* and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c) (emphasis added). Therefore, the next inquiry before the Court is whether there is a genuine issue of material fact.

Here, in support of Defendant Maximum's argument that Club W had no cameras, majority owner, Lee Heather Declares the following:

> Club W had no video cameras inside or in the immediate outside vicinity of the club in January of 2020. Attached hereto as Exhibits 1 and 2 are invoices generated in January of 2022, two years after the alleged assault, for the purpose and installation of such video cameras.

Heather Decl. p. 2 (Aug. 2, 2022). The question then becomes whether Plaintiffs, as the non-moving party produced some significant probative evidence to support the pleading. *See Flores*, 2004 Guam 25 ¶ 7. Plaintiffs satisfy such standard by providing a witness's declaration, which declares:

> I observed the individual who hit [Plaintiff] Lucas was wearing a security shirt. During this time, I also observed what I believe to be CCTV or security cameras.

Eliam Decl. p. 1 (Sep. 6, 2022). These declarations reflect competing evidence creating a genuine issue of material fact as to Count III: Spoilation of Evidence. As such, the Court **DENIES** Defendant's Motion for Partial Summary Judgment.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Defendant Maximum's Motion for Partial Summary Judgment as to Count III: Spoilation of Evidence. The remaining claims include: Count I: Negligence; Count II: Negligent Hiring, Retention; Count III: Spoilation of Evidence; and Count [V]: Direct Action (Negligence) Against John Doe Insurance Carriers No. 1 – 5.

**IT IS SO ORDERED** MAR 0 7 2023 .

_____

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

E-MAIL
...Judge that an electronic
...of the original was e-mailed to:
M. Williams   Roberts
Thompson
Date:_____ Time: 3 7/23
Joseph Bamba, Jr. ?
Deputy Clerk, Superior Court of Guam